SEDGWICK LLP
ROBERT F. HELFING  Bar No. 90418
*robert.helfing@sedgwicklaw.com*
CAROLINE H. MANKEY Bar No. 187302
*caroline.mankey@segwicklaw.com*
801 South Figueroa Street, 18th Floor
Los Angeles, California 90017-5556
Telephone: (213) 426-6900
Facsimile: (877) 540-6965

M. NEIL CUMMINGS  Bar No. 076166
*mneil@mncalaw.org*
M. NEIL CUMMINGS & ASSOCIATES, PLC
11150 W. Olympic Blvd., Suite 1050
Los Angeles, CA 90064-1817
Telephone: (310) 914-1853
Facsimile: (310) 914-1849

Attorneys for Plaintiffs
Carroll Shelby Licensing, Inc.,
and the Carroll Hall Shelby Trust

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARROLL SHELBY LICENSING, INC., a California corporation, and the CARROLL HALL SHELBY TRUST, <br><br> Plaintiffs, <br><br> v. <br><br> US RESTORATION, LLC, an Oklahoma limited liability company, and DAVID WAYNE MILLER II, an individual, <br><br> Defendants. | CASE NO. <br><br> **COMPLAINT FOR:** <br> **(1) INFRINGEMENT OF REGISTERED TRADEMARKS;** <br> **(2) FALSE DESIGNATION OF ORIGIN; (3) FEDERAL TRADEMARK DILUTION; (4) FALSE ADVERTISING; (5) COMMON LAW TRADEMARK INFRINGEMENT; (6) STATE TRADEMARK DILUTION; (7) COMMON LAW UNFAIR COMPETITION; (8) UNFAIR COMPETITION IN VIOLATION OF CALIFORNIA BUSINESS & PROFESSIONS CODE § 17200 et seq.; and (9) BREACH OF CONTRACT;** <br><br> **DEMAND FOR JURY TRIAL** |

84017525v1

1

## COMPLAINT

Plaintiffs CARROLL SHELBY LICENSING, INC. and the CARROLL HALL SHELBY TRUST, hereby assert this Complaint against defendants US RESTORATION, LLC, and DAVID WAYNE MILLER II (collectively, "Defendants"), and allege as follows:

## THE PARTIES

1.    Plaintiff Carroll Shelby Licensing, Inc. ("CSL") is a corporation, organized and existing under the laws of the State of Texas, with its principal place of business in the County of Los Angeles, State of California.  CSL is the licensing agent of the Carroll Hall Shelby Trust.  In that capacity, CSL manages and has exclusive authority to license and exploit its intellectual property, including the trademarks owned by it.

2.    Plaintiff Carroll Hall Shelby Trust (the "Trust") is a trust, organized and existing under the laws of the state Texas, the trustees of which are M. Neil Cummings and Joe Conway.

3.    Defendant US Restoration, LLC ("US Restoration") is a limited liability company, organized and existing under the laws of the State of Oklahoma, with its principal place of business at 11063-D S. Memorial Drive, Tulsa, Oklahoma 74133.

4.    Defendant David Wayne Miller II ("Miller") is a shareholder, director and president of US Restoration, LLC, and, upon information and belief, resides in the State of Oklahoma.

5.    In committing the misconduct alleged herein, each defendant acted with the knowledge, approval and authorization of each other defendant, and each acted as the agent of each other.

## JURISDICTION AND VENUE

6.    This action is brought under the Federal Trademark Act (the "Lanham Act") of July 5, 1946, as amended, 15 U.S.C. Section 1051 et seq.  This Court has jurisdiction under 15 U.S.C. Section 1121 and 28 U.S.C. Section 1331 and 1338.

This Court also has supplemental jurisdiction, pursuant to 28 U.S.C. Section 1367, over the subject matter of the state law claims because those claims are so related to CSL's federal claims as to form part of the same case or controversy under Article III of the United States Constitution.

7.    Venue is proper in the Central District of California pursuant to 28 U.S.C. Section 1391(b)(2) because a substantial part of the events giving rise to the claim occurred here and defendant US Restoration (through its President, defendant Miller) has consented in writing to personal jurisdiction in this venue.

## ALLEGATIONS COMMON TO ALL CLAIMS FOR RELIEF

8.    Carroll Shelby was the legendary race car driver who, among other accomplishments, broke the land speed record at the Bonneville Salt Flats and won the 24-hour Le Mans road race during his racing career.  After he retired from professional racing, Shelby broadened his already extensive public reputation by designing some of the most highly prized race and production cars ever built.

9.    The Trust and its predecessors-in-interest, including Mr. Shelby, have used the SHELBY trademark, and variants of that mark, in interstate commerce in connection with a broad variety of products and services, including the manufacture, marketing and sale of automobiles, since as early as 1962.

10.   Under the SHELBY brand, the Trust and its predecessors and licensees have produced and distributed some of the most innovative and celebrated performance cars in automotive history.  The SHELBY name and trademark remain well-known to this day, not only to sports car enthusiasts but to the public in general.  As a sign of the historic distinction of SHELBY automobiles, a 1965 prototype of the  SHELBY Cobra Daytona Coupe became the first car ever to be accepted into the National Historic Registry of the United States and was recognized at the International Historic Motoring Awards as "Car of the Year" for 2014.   The continuing consumer appeal of the SHELBY brand is reflected by the fact that, beginning in 2007, Ford Motor Co. has sold new production automobiles

1    with the SHELBY trademark under license from the Trust and CSL.

2         11.    The Trust is the owner of numerous registrations consisting of or

3    featuring the name SHELBY, including:

4              a.    SHELBY, United States Trademark Registration No. 1,538,090;

5              b.    SHELBY, U.S. Reg. No. 4,193,153;

6              c.    SHELBY,  U.S. Reg. No. 4,118,294;

7              d.    SHELBY, U.S. Reg. No. 3,913,730;

8              e.    SHELBY and Oval Logo, U.S. Reg. No. 2,357,468;

9              f.    SHELBY Logo, U.S. Reg. No. 4,384,077;

10             g.    SHELBY and Weave Logo, U.S. Reg. No. 1,603,489;

11             h.    SHELBY GT-H, U.S. Reg. No. 3,518,393;

12             i.    SHELBY SERIES 1, U.S. Reg. No. 2,265,334;

13             j.    SHELBY SERIES 1, U.S. Reg. No. 2,736,820;

14             k.    SHELBY SERIES 2, U.S. Reg. No. 2,261,744;

15             l.    SHELBY 427 S/C, U.S. Reg. No. 1,768,020;

16             m.    SHELBY PERFORMANCE PARTS, U.S. Reg. No. 4,261,592;

17             n.    SHELBYFEST, U.S. Reg. No. 4,125,651;

18             o.    SHELBY AMERICAN, U.S. Reg. No. 4,146,877;

19             p.    SHELBY AMERICAN, U.S. Reg. No. 4,146,866;

20             q.    THE SHELBY AMERICAN, U.S. Reg. No. 2,850,911;

21             r.    CARROLL SHELBY Signature, U.S. Reg. No. 4,144,534; and

22             s.    CS SHELBY Logo, U.S. Reg. No. 4,483,679.

23   The foregoing registrations cover goods in no less than 19 International classes, for

24   products as diverse as automobiles, jewelry, artwork, audio equipment, clothing,

25   toys, books, luggage, photographs, coffee makers, beverage classes and services

26   such as organizing exhibitions and fairs.  The Trust and CSL have also used

27   SHELBY and many of the foregoing registered marks, and unregistered variants,

28   for goods and services uncovered by the registrations (collectively, the "SHELBY

1    Marks").

2         12.    CSL is the licensing agent of the Trust.  In that capacity, CSL manages

3    and has exclusive authority to license and exploit all of the SHELBY Marks.

4         13.    In or around mid-June 2014, CSL and the Trust discovered that

5    defendant US Restoration was offering for sale replicas of the SHELBY GT 350

6    Mustang and SHELBY GT 500 Mustang, among other models, and using the

7    SHELBY Marks and trade dress on the vehicles and in advertising for the vehicles.

8         14.    On June 21, 2014, counsel for CSL and the Trust sent a cease and desist

9    letter to US Restoration, notifying it that it had come to their attention that US

10   Restoration was producing turnkey replica vehicles making use of the SHELBY

11   Marks, trade dress, and other intellectual property without the permission of CSL or

12   the Trust, and demanding that US Restoration immediately cease producing the

13   infringing products.

14        15.    In response to the cease and desist letter, defendant Miller requested a

15   license from CSL to produce officially licensed SHELBY vehicles.

16        16.    Miller and CSL negotiated the terms of a license and, on September 1,

17   2014, CSL entered into a License Agreement with US Restoration, permitting it to

18   use certain of the SHELBY Marks in connection with the manufacture, sale, and/or

19   distribution of the following merchandise: (1) restoration and other work performed

20   on Ford vehicles, Mustangs, and/or SHELBY GT-350 and GT-500 vehicles

21   originally manufactured in the 1960s and 1970s; (2) retro-modification of no more

22   than 500 vehicles originally built and sold in the 1960s and 1970s as Ford Mustang

23   vehicles, to be modified, fitted and detailed by US Restoration to replicate the

24   Shelby GT-350 and GT-500 automobiles originally manufactured by Carroll Shelby

25   and his wholly owned company, Shelby American, Inc.; and (3) merchandise to be

26   approved by CSL, such as die-cast model toys and clothing (the "License

27   Agreement").  A true and correct copy of the License Agreement is attached hereto

28   as **Exhibit A**.

17. The SHELBY Marks licensed to US Restoration were:

    a.    SHELBY

    b.    CARROLL SHELBY

    c.    CARROLL SHELBY'S SIGNATURE & INITIALS

    d.    GT-350

    e.    GT-350H

    f.    GT-350R

    g.    GT-500

    h.    KR

    i.    SUPERSNAKE

    j.    THE OUTWARD APPEARANCE (TRADE DRESS) OF THE 1960S SHELBY GT-350 AND SHELBY GT-500 VEHICLES.

18. To protect the goodwill and reputation attaching to the SHELBY Marks, and to maintain the level of quality associated with the SHELBY Marks, the parties expressly agreed that the restored vehicles, as manufactured by US Restoration (the "Licensed Product"), would be of a high standard and quality and would not reflect adversely upon the good name and goodwill of CSL and the SHELBY Marks. Ex. A, ¶ 6.1. To that end, the License Agreement provided that, prior to the manufacture, sale, or distribution of Licensed Product, US Restoration would secure CSL's approval of a prototype. *Id.,* ¶ 6.3.

19. The License Agreement also expressly provides for the application of federal law and the law of the State of California, and for venue and jurisdiction in any State or Federal court located in the State of California, Los Angeles County. Ex. A, § 22.

20. During the term of the License Agreement, US Restoration breached the License Agreement in numerous ways, including, without limitation, the following:

    a.    US Restoration failed to submit to CSL a prototype of each Licensed Product it sought to market and sell, in violation of section 6.3 of the

License Agreement.

      b.    US Restoration failed to obtain CSL's written approval of its prototypes before proceeding beyond the prototype approval requirement, in violation of section 6.3(B) of the License Agreement.

      c.    US Restoration failed to submit production samples to CSL for approval, in violation of section 6.4 of the License Agreement.

      d.    US Restoration failed to submit a business and marketing plan to CSL for approval, in violation of section 6.5 of the License Agreement.

      e.    US Restoration commenced advertising, promoting, and offering to sell Licensed Product without obtaining the requisite written approvals from CSL, in violation of section 6.6 of the License Agreement.

21.  CSL and the Trust are further informed and believe, and based thereon allege, that US Restoration was using photographs of vehicles restored by other companies to advertise US Restoration's proposed sales of Licensed Product and that it was advertising its restoration services to the public without having the necessary capital to fulfill its obligations to CSL under the License Agreement.

22.  US Restoration's breaches of the License Agreement authorized CSL to terminate the License Agreement pursuant to its section 15.3.  On December 4, 2014, CSL sent to US Restoration a Notice of Termination of License Agreement based on US Restoration's defaults under the License Agreement, which were enumerated in the Notice of Termination.   In the Notice, CSL terminated the License Agreement effective immediately and instructed US Restoration to immediately and permanently cease and desist in all use of and reference to the SHELBY Marks and other intellectual property.

23.  On May 30, 2015, Miller sent a letter to CSL seeking to resume its contractual licensing relationship with CSL.  CSL declined to enter into a new license agreement with CSL.

///

24.   In or about early October 2015, CSL and the Trust learned that Miller and US Restoration were again offering vehicle restoration services utilizing the SHELBY Marks and trade dress and advertising such services on their website *www.restoration-us.com*.

25.   On October 5, 2015, counsel for CSL and the Trust sent another letter to Miller and US Restoration notifying them of their infringement of the SHELBY Marks, trade dress, and other intellectual property, and demanding that they immediately cease producing, manufacturing, distributing and/or selling all products that make unauthorized use of the SHELBY Marks and other intellectual property, and that they provide a detailed and accurate accounting of all of the SHELBY GT-350 and SHELBY GT-500 restoration vehicles they had sold to date.

26.   On October 14, 2015, Miller responded to the letter from counsel for CSL and the Trust, denying that he or US Restoration was making any use of the SHELBY Marks on the website and denying any sales of counterfeit SHELBY vehicles.

27.   Miller and US Restoration thereafter continued using the SHELBY Marks without permission from CSL or the Trust, as evidenced by inquiries that CSL received from third parties as to whether US Restoration and Miller were authorized builders of SHELBY Mustang replicas.  Miller also issued promotional material to third parties lauding himself as a talented re-creator of SHELBY vehicles, and seeking co-sponsors for a 13-week television series featuring his production of 500 SHELBY continuation cars.  Miller also misrepresented the status of his facility as being a "Mod Center" authorized by CSL, interfering with legitimate sales and services provided by a CSL licensee in the same geographic region.

28.   On May 14, 2016, Miller emailed CSL informing it that: "Our internal prototype 65 is nearing completion and looking really good…  Who do I contact to coordinate someone from your tech staff coming to visit to do a quality review of

1   our 'product sample'? ...  We are excited about the opportunity of completing the
2   licensing process."

3       29.  On May 17, 2016, CSL responded to Miller that: "You and your
4   company have been served with multiple cease-and-desist demands over the past
5   two years… Your refusal to comply had been noted, and this letter hereby reiterates
6   the cease-and-desist demands contained in the attached correspondence."

7       30.  In blatant disregard of the numerous communications from CSL
8   declining to extend a license to Miller and US Restoration, and demanding that
9   Miller and US Restoration cease their infringement of the SHELBY Marks, on
10  June 15, 2016, Miller emailed representatives of CSL informing them that Miller
11  had *already* filmed a television show documenting the building of a 1965 SHELBY
12  GT-350 automobile without authorization from CSL or the Trust.

13      31.  As recently as November 27, 2016, websites operated by Miller and US
14  Restoration at the addresses *www.restoration-us.com* and
15  *www.brandnewmusclecar.com* featured a SHELBY Mustang GT 350 replica on the
16  opening page of the website, along with a video comprised of a series of still
17  photographs and video footage showing the vehicle being built, all of which contain
18  unauthorized uses of the SHELBY Marks and trade dress.

19                                  **FIRST CLAIM FOR RELIEF**
20             (Infringement of Registered Trademarks under 15 U.S.C. § 1114)

21      32.  CSL and the Trust incorporate the allegations of each foregoing
22  paragraph as though fully set forth herein.

23      33.  The SHELBY Marks are distinctive of goods and services originating
24  with the Trust, the owner of the SHELBY Marks.  Through the many years of sales
25  and advertising by the Trust, CSL, and their predecessors, the SHELBY Marks have
26  become associated in the minds of consumers with the products and services
27  produced and/or authorized by the Trust and CSL.
28  ///

34.   Miller's and US Restoration's unauthorized use of the SHELBY Marks on unapproved vehicles, on their websites, in a television show, and in sales and promotional material, exceeded the scope of the License Agreement, and continued after the License Agreement was terminated by CSL, in direct contravention of CSL's express notifications to Miller and US Restoration.

35.   Miller's and US Restoration's unauthorized use of the SHELBY Marks is likely to cause and, on information and belief, has actually caused confusion in the marketplace by creating the false and mistaken impression that Miller's and US Restoration's counterfeit products and infringing marketing materials are affiliated, connected or associated with the Trust and/or CSL, or that they originate with, or are sponsored or approved by the Trust and/or CSL.

36.   Miller's and US Restoration's unauthorized use of the SHELBY Marks violates the Lanham Act, 15 U.S.C. § 1114.

37.   Miller's and US Restoration's unauthorized use of the SHELBY Marks has caused and, if not enjoined, will continue to cause, irreparable and continuing harm to the Trust and CSL, for which they have no adequate legal remedy. Accordingly, the Trust and CSL are entitled to provisional, preliminary and permanent injunctive relief to compel cessation of all infringing and otherwise harmful conduct.

38.   As a direct and proximate result of Miller's and US Restoration's wrongful conduct, the Trust and CSL have been and will continue to be damaged by, without limitation, a diminution in the value of the SHELBY Marks and in their reputation and goodwill, in an amount to be proven at trial.

39.   Miller's and US Restoration's unauthorized use of the SHELBY Marks was and continues to be knowing, deliberate, willful, fraudulent, and without extenuating circumstances.  The Trust and CSL are therefore entitled to recover three times the amount of actual damages or profits, or statutory damages, and attorney's fees and costs incurred in this action, and Defendants' profits from its

1  infringement of the SHELBY Marks pursuant to 15 U.S.C. § 1117(a) - (c).

2  **SECOND CLAIM FOR RELIEF**

3  (False Designation of Origin under 15 U.S.C. § 1125(a))

4  40.   CSL and the Trust incorporate the allegations of each foregoing

5  paragraph as though fully set forth herein.

6  41.   The SHELBY Marks, including the unregistered marks and trade dress,

7  are distinctive of goods and services originating with the Trust, the owner of the

8  SHELBY Marks.  Through the many years of sales and advertising by the Trust,

9  CSL, and their predecessors, the SHELBY Marks have become associated in the

10  minds of consumers with the products and services produced and/or authorized by

11  the Trust and CSL.

12  42.   Miller's and US Restoration's unauthorized use of the SHELBY Marks

13  on unapproved vehicles, on their websites, in a television show, and in sales and

14  promotional material, exceeded the scope of the License Agreement, and continued

15  after the License Agreement was terminated by CSL, in direct contravention of

16  CSL's express notifications to Miller and US Restoration.

17  43.   Miller's and US Restoration's unauthorized use of the SHELBY Marks

18  is likely to cause and, on information and belief, has actually caused confusion in

19  the marketplace by creating the false and mistaken impression that Miller's and US

20  Restoration's counterfeit products and infringing marketing materials are affiliated,

21  connected or associated with the Trust and/or CSL, or that they originate with, or

22  are sponsored or approved by the Trust and/or CSL.

23  44.   Miller's and US Restoration's unauthorized use of the SHELBY Marks

24  has caused and, if not enjoined, will continue to cause, irreparable and continuing

25  harm to the Trust and CSL, for which they have no adequate legal remedy.

26  Accordingly, the Trust and CSL are entitled to provisional, preliminary and

27  permanent injunctive relief to compel cessation of all infringing and otherwise

28  harmful conduct.

45.   As a direct and proximate result of Miller's and US Restoration's wrongful conduct, the Trust and CSL have been and will continue to be damaged by, without limitation, a diminution in the value of the SHELBY Marks and in their reputation and goodwill, in an amount to be proven at trial.

46.   Miller's and US Restoration's unauthorized use of the SHELBY Marks was and continues to be knowing, deliberate, willful, fraudulent, and without extenuating circumstances.  The Trust and CSL are therefore entitled to recover three times the amount of actual damages or profits, and attorney's fees and costs incurred in this action, and Defendants' profits from its infringement of the SHELBY Marks pursuant to 15 U.S.C. § 1117(a).

## THIRD CLAIM FOR RELIEF

### (Trademark Dilution Under 15 U.S.C. § 1125(c))

47.   CSL and the Trust incorporate the allegations of each foregoing paragraph as though fully set forth herein.

48.   The SHELBY Marks are famous and distinctive in that they are widely recognized by the general consuming public as a designation of the Trust, CSL and/or their predecessors as the source of the goods or services represented by the SHELBY Marks.

49.   Defendants' unauthorized uses of the SHELBY Marks impair the distinctiveness of the famous SHELBY Marks and, as such, cause dilution by blurring.

50.   Defendants' uses of the SHELBY Marks have caused and, if not enjoined, will continue to cause, irreparable and continuing harm to CSL and the Trust in the diminution of the value and goodwill of the SHELBY Marks, and in their impairment to serve as a trademarks, for which CSL and the Trust have no adequate legal remedy.  Accordingly, CSL and the Trust are entitled to provisional, preliminary and permanent injunctive relief to compel cessation of all infringing and otherwise harmful conduct.

51.   Defendants' wrongful use of the SHELBY Marks commenced after October 6, 2006, when the Trademark Dilution Revision Act of 2006 became effective.  Defendants' wrongful use of the SHELBY Marks was and continues to be knowing, deliberate, willful, fraudulent, and without extenuating circumstances. CSL and the Trust are therefore entitled to recover three times the amount of their actual damages and attorney's fees and costs incurred in this action, as well as Defendants' profits from their infringement of the SHELBY Marks.

## FOURTH CLAIM FOR RELIEF

(False Advertising Under 15 U.S.C. § 1125(a))

52.   CSL and the Trust incorporate the allegations of each foregoing paragraph as though fully set forth herein.

53.   Defendants have used the SHELBY Marks in the commercial advertising or promotion for their vehicle restoration and replica products and services, including but not limited to their advertising and promotions online at the websites *www.restoration-us.com* and *www.brandnewmusclecar.com*.  Said use is a false statement of fact as to the nature, characteristic and qualities of Defendants' vehicle restoration and replica products and services in that it conveys the false message to consumers that their goods and services are affiliated or associated with, or sponsored by CSL and/or the Trust.

54.   Defendants' representations are commercial advertising in that they are speech related solely to the economic interests of Defendants and their audience, by Defendants who are in commercial competition with CSL and the Trust, and their authorized licensees within the automobile industry, for the purpose of influencing consumers to purchase Defendants' restored or replicated SHELBY vehicles, and are sufficiently disseminated to the relevant purchasing public online on Defendants' websites.

///

///

84017525v1

13

55.   Defendants' false statements implicating CSL's and the Trust's sponsorship or approval of their vehicle restoration and replica goods and services is likely to deceive and/or has actually deceived a substantial segment of its audience.

56.   Defendants knew or should have known that their statements were false or likely to mislead consumers.  Defendants' deception is material, in that it is likely to influence its customers' decision to purchase Defendants' restored or replicated SHELBY vehicles.

57.   Defendants caused their false statements to enter interstate commerce in various ways, including through online advertising and promotion.

58.   CSL licenses the SHELBY Marks for use by competing automobile manufacturers and providers of restoration services throughout the United States. Defendants directly compete with CSL and its licensees in connection with these goods and services.

59.   As a direct and proximate result of Defendants' wrongful conduct, CSL and the Trust have been and will continue to be damaged by, without limitation, lost sales and diminution in their ability to compete with the Defendants, a diversion of profits, and/or a lessening of the goodwill associated with the SHELBY Marks.

60.   Defendants' wrongful use of the SHELBY Marks is knowing, deliberate, willful, fraudulent, and without extenuating circumstances.  CSL and the Trust are therefore entitled to recover three times the amount of their actual damages and attorney's fees and costs incurred in this action, as well as Defendants' profits from their infringement of the SHELBY Marks.

## FIFTH CLAIM FOR RELIEF

### (Common Law Trademark Infringement)

61.   CSL and the Trust incorporate the allegations of each foregoing paragraph as though fully set forth herein.

62.   Defendants are using the SHELBY Marks in commerce in connection with their vehicle restoration and replica products and services and in the

1   advertising and promotion to the general public of those products and related

2   services.

3        63.   Defendants never received Plaintiffs' authorization to use the SHELBY

4   Marks in connection with their vehicle restoration and replica products and services.

5        64.   Defendants' use of the SHELBY Marks is likely to cause and/or has

6   actually caused confusion in the marketplace by creating the false and mistaken

7   impression that Defendants' vehicle restoration and replica products and services

8   and/or the websites on which those products and services are being marketed are

9   affiliated, connected or associated with CSL or the Trust, or that they originate with,

10  or are sponsored or approved by CSL or the Trust.

11       65.   CSL and the Trust are informed and believe, and based thereon allege,

12  that Defendants' purpose in using the SHELBY Marks was and is to deceive,

13  mislead and confuse customers and the public into believing that Defendants'

14  vehicle restoration and replica products and services and/or the websites those

15  products and services are being marketed are affiliated, connected or associated

16  with CSL or the Trust, or that they originate with, or are sponsored or approved by

17  CSL or the Trust, and to trade on the substantial and historical fame, notoriety,

18  reputation and goodwill associated with the SHELBY Marks.

19       66.   Defendants' unauthorized use of the SHELBY Marks violates the

20  common law of the State of California.

21       67.   Defendants' unauthorized use of the SHELBY Marks has caused and, if

22  not enjoined, will continue to cause, irreparable and continuing harm to CSL and

23  the Trust in the diminution of value and goodwill of the SHELBY Marks, and in

24  their impairment to serve as trademarks, for which CSL and the Trust have no

25  adequate legal remedy.  Accordingly, CSL and the Trust are entitled to provisional,

26  preliminary and permanent injunctive relief to compel cessation of all infringing and

27  otherwise harmful conduct.

28  ///

68.   As a direct and proximate result of Defendants' wrongful conduct, CSL and the Trust have been and will continue to be damaged by, without limitation, loss of profit, and diminution in the value of the SHELBY Marks and in its reputation and goodwill, in an amount to be proven at trial.

## SIXTH CLAIM FOR RELIEF

(Trademark Dilution in Violation of

California Business & Professions Code § 14247, *et seq.*)

69.   CSL and the Trust incorporate the allegations of each foregoing paragraph as though fully set forth herein.

70.   The SHELBY Marks are famous and distinctive in California in that they are widely recognized by the general consuming public of this state as a designation of CSL and/or the Trust as the source of the goods or services represented by the SHELBY Marks.

71.   Defendants began using the SHELBY Marks without authorization from CSL or the Trust after the SHELBY Marks had become famous.

72.    Defendants' unauthorized use of the SHELBY Marks is likely to cause dilution of the famous SHELBY Marks.

73.   Defendants' unauthorized use of the SHELBY Marks has caused and, if not enjoined, will continue to cause irreparable and continuing harm to CSL and the Trust, for which they have no adequate legal remedy.

74.   Defendants' dilution of the SHELBY Marks was willful, as evidenced by their continuing use of the SHELBY Marks after being advised of CSL's and the Trust's exclusive trademark rights, entitling CSL and the Trust to an award of up to three times Defendants' profits from, and up to three times all damages suffered by reason of Defendants' wrongful use of the SHELBY Marks, pursuant to Section 14250 of the California Business & Professions Code.

///

///

## **SEVENTH CLAIM FOR RELIEF**

(Common Law Unfair Competition)

75.  CSL and the Trust incorporate the allegations of each foregoing paragraph as though fully set forth herein.

76.  Defendants' misconduct constitutes unfair competition in that it offends established public policy and is immoral, unethical, oppressive, unscrupulous and injurious to consumers.

77.  Defendants' misconduct has resulted in damage to CSL and the Trust, without limitation, in the form of lost profits and damage to reputation and goodwill.

78.  The acts of unfair competition alleged herein were committed with oppression, fraud and malice.  Specifically, Miller and US Restoration used the SHELBY Marks with knowledge that the Trust owns and CSL controls the exclusive right to such use, that the terms of the License Agreement limited Defendants' use of the SHELBY Marks, that Defendants' use of the SHELBY Marks exceeded the scope of permission granted by the limited License Agreement, that their conduct served to breach the License Agreement and that, as a result, it was terminated, and that their continuing use of the SHELBY Marks was unauthorized as reflected by the numerous cease and desist letters that CSL and the Trust have sent to Defendants and the fact that the Trust and CSL have refused to grant Defendants another license, that Defendants' use of the SHELBY Marks at all times caused consumer confusion and unfairly traded on the goodwill belonging to the Trust and CSL, and that the Trust and CSL were and continue to be injured by this continuing conduct.  Therefore, the Trust and CSL request the imposition of exemplary damages pursuant to California Civil Code § 3294.

///

///

///

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## EIGHTH CLAIM FOR RELIEF

(Violation of California Business & Professions Code § 17200, *et seq.*)

79.   CSL and the Trust incorporate the allegations of each foregoing paragraph as though fully set forth herein.

80.   California Business & Professions Code Section17200 prohibits any unlawful, unfair or fraudulent business act or practice.  Defendants are competing with Plaintiffs in the sales of restored SHELBY vehicles and are doing so using the SHELBY Marks and trade dress without Plaintiffs' permission.  Defendants' misconduct set forth above constitutes unfair competition in violation of the California Unfair Business Practices Act, Cal Bus. & Prof. Code § 17200, *et seq.*

81.   Defendants have engaged in a business practice of ongoing unlawful trademark and trade dress infringement in violation of Plaintiffs' rights and in order to compete unfairly against Plaintiffs.  Unless Defendants' unfair practices against Plaintiffs are enjoined, Plaintiffs will continue to sustain financial injury and irreparable damage to their business and reputation, and competition will decrease in the market.

82.   Defendants' wrongful conduct has caused and, if not enjoined, will continue to cause irreparable and continuing harm to Plaintiffs, for which they have no adequate legal remedy.  Accordingly, Plaintiffs are entitled to provisional, preliminary and permanent injunctive relief.  Plaintiffs are also entitled to restitution of all monies and property obtained from Plaintiffs by Defendants as a direct result of their wrongful conduct.

## NINTH CLAIM FOR RELIEF

(Breach of Contract)

83.   CSL and the Trust incorporate the allegations of each foregoing paragraph as though fully set forth herein.

84.   CSL performed all obligations and conditions on its part to be performed under the License Agreement, except those which it was excused from performing.

85. During the term of the License Agreement, US Restoration breached the License Agreement in the following respects, among others:

   a.    US Restoration failed to submit to CSL a prototype of each Licensed Product it sought to market and sell, in violation of section 6.3 of the License Agreement.

   b.    US Restoration failed to obtain CSL's written approval of its prototypes before proceeding beyond the prototype approval requirement, in violation of section 6.3(B) of the License Agreement.

   c.    US Restoration failed to submit production samples to CSL for approval, in violation of section 6.4 of the License Agreement.

   d.    US Restoration failed to submit a business and marketing plan to CSL for approval, in violation of section 6.5 of the License Agreement.

   e.    US Restoration commenced advertising, promoting, and offering to sell Licensed Product without obtaining the requisite written approvals from CSL, in violation of section 6.6 of the License Agreement.

86. As a direct and proximate result of US Restoration's breaches of the License Agreement, CSL has been damaged in various respects, including, without limitation, a loss of sales and a diminution in the value of its reputation and goodwill, in an amount to be proven at trial.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs CSL and the Trust pray for relief as follows:

1.    The damages sustained by Plaintiffs and Defendants' profits;

2.    Up to three times the damages sustained by Plaintiffs and three times the Defendants' profits;

3.    Three times the amount of damages or profits, whichever is greater; or statutory damages of up to $2 million per counterfeit mark used by Defendants;

4.    Exemplary damages;

5.    Injunctive relief prohibiting Defendants from any future unauthorized

1   use of the SHELBY Marks;

2        6.   Plaintiffs' costs in this action and reasonable attorney's fees and

3   expenses;

4        7.   For such additional and further relief as this Court deems just and

5   proper.

6

7   Dated: January 30, 2017          SEDGWICK, LLP

8                                    By: */s/ Caroline H. Mankey*

9                                         Robert F. Helfing

10                                        Caroline H. Mankey
                                          Attorneys for Plaintiffs
11                                        CARROLL SHELBY LICENSING, INC.
                                          and the CARROLL HALL SHELBY TRUST

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

## **DEMAND FOR JURY TRIAL**

2          PLEASE TAKE NOTICE that Plaintiffs Carroll Shelby Licensing, Inc. and

3   Carroll Hall Shelby Trust hereby demand a trial by jury.

4

5   Dated: January 30, 2017          SEDGWICK, LLP

6

7                                           By:  _/s/ Caroline H. Mankey_____
                                                 Robert F. Helfing
8                                                Caroline H. Mankey
                                                 Attorneys for Plaintiffs
9                                                CARROLL SHELBY LICENSING, INC.
                                                 and the CARROLL HALL SHELBY TRUST

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28