JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARROLL SHELBY LICENSING, INC., a California corporation, and the CARROLL HALL SHELBY TRUST,<br><br>Plaintiffs,<br><br>v.<br><br>US RESTORATION, LLC, an Oklahoma limited liability company, and DAVID WAYNE MILLER II, an individual,<br><br>Defendants. | CASE NO. 2:17-cv-00737 ODW (SSx)<br><br>**PERMANENT INJUNCTION AGAINST DEFENDANTS US RESTORATION, LLC, AND DAVID WAYNE MILLER II AND DISMISSAL OF ENTIRE ACTION WITH PREJUDICE** |

1

The Court, pursuant to the Stipulation for Entry of Permanent Injunction and Dismissal between Plaintiffs Carroll Shelby Licensing, Inc. and Carroll Hall Shelby Trust ("Plaintiffs"), on the one hand, and Defendants U.S. Restoration, LLC and David Wayne Miller II ("Defendants"), on the other hand, hereby ORDERS, ADJUDICATES and DECREES that a permanent injunction shall be and hereby is entered against Defendants as follows:

1. **PERMANENT INJUNCTION.** Unless the parties hereto subsequently agree in writing otherwise, Defendants are hereby restrained and enjoined from engaging in any of the following activities in the United States and throughout the world:

    (i) manufacturing, building, replicating, copying, cloning, importing, exporting, marketing, displaying, offering for sale, reproducing, acquiring, transferring, brokering, consigning, shipping, licensing, developing, delivering, distributing and/or dealing in any product that makes any use of, references, or relates to any of the following registered marks, as well as all unregistered variants and the publicity rights of Carroll Hall Shelby, to the extent Defendants have been made aware of such variants or rights in writing:

    a. SHELBY, U.S. Reg. No. 1,538,090;
    b. SHELBY, U.S. Reg. No. 4,193,153;
    c. SHELBY, U.S. Reg. No. 4,118,294;
    d. SHELBY, U.S. Reg. No. 3,913,730;
    e. SHELBY and Oval Logo, U.S. Reg. No. 2,357,468;
    f. SHELBY Logo, U.S. Reg. No. 4,384,077;
    g. SHELBY and Weave Logo, U.S. Reg. No. 1,603,489;
    h. SHELBY GT-H, U.S. Reg. No. 3,518,393;
    i. SHELBY SERIES 1, U.S. Reg. No. 2,265,334;
    j. SHELBY SERIES 1, U.S. Reg. No. 2,736,820;
    k. SHELBY SERIES 2, U.S. Reg. No. 2,261,744;

l. SHELBY 427 S/C, U.S. Reg. No. 1,768,020;
m. SHELBY PERFORMANCE PARTS, U.S. Reg. No. 4,261,592;
n. SHELBYFEST, U.S. Reg. No. 4,125,651;
o. SHELBY AMERICAN, U.S. Reg. No. 4,146,877;
p. SHELBY AMERICAN, U.S. Reg. No. 4,146,866;
q. THE SHELBY AMERICAN, U.S. Reg. No. 2,850,911;
r. CARROLL SHELBY Signature, U.S. Reg. No. 4,144,534;
s. CS SHELBY Logo, U.S. Reg. No. 4,483,679;
t. GT500, U.S. Reg. No. 4820486;
u. GT350, U.S. Reg. No. 4820485;
v. GT 500, U.S. Reg. No. 85860799;
w. GT 500, U.S. Reg. No. 85860715;
x. GT 350, U.S. Reg. No. 85860662;
y. GT 1000, U.S. Reg. No. 85467526;
z. GT 900, U.S. Reg. No. 85467505;
aa. GT 750, U.S. Reg. No. 85467448;
bb. G.T. 350, U.S. Reg. No. 78161519;
cc. GT-500, U.S. Reg. No. 78161524;
dd. G.T. 500, U.S. Reg. No. 77580240;
ee. GT-350, U.S. Reg. No. 77580205;
ff. GT-350, U.S. Reg. No. 73735255;
gg. GT-500, U.S. Reg. No. 73724265;
hh. CS, U.S. Reg. No. 73219182;
ii. CS, U.S. Reg. No. 73601883;
jj. CS, U.S. Reg. No. 78885070;
kk. CS6, U.S. Reg. No. 78981097;
ll. CS6, U.S. Reg. No. 78883702; and

mm. GT 800, U.S. Reg. No. 85612593. (collectively, the "SHELBY Marks");

(ii). using the SHELBY Marks for commercial purposes, in commerce, whether such use is as, on, in, or in connection with any trademark, service mark, trade name, logo, design, Internet use, website, domain name, metatags, advertising, promotions, solicitations, commercial exploitation, television, web-based or any other program, or any product or service;

(iii). using any Internet domain name or website for commercial purposes that unlawfully includes any of the SHELBY Marks.

(iv) Notwithstanding the limitations in this Permanent Injunction, Defendants' ability (a) to repair pre-existing original Shelby vehicles not built in whole or in part by Defendants; (b) to repair existing Shelby replica vehicles not built in whole or in part by Defendants; (c) to advertise and/or market Defendants' willingness to repair such pre-existing original Shelby vehicles and/or replica vehicles not built in whole or in part by Defendants in a manner that does not cause a likelihood of confusion under trademark law, if made with a specific disclaimer of any relationship or affiliation between the Defendants, or any of them, on the one hand, and the Plaintiffs, on the other; or (d) to communicate with persons or entities regarding the foregoing, shall not be prohibited by this Permanent Injunction.

2. This Permanent Injunction shall be deemed to have been served upon Defendants at the time of its execution by the Court.

3. The Court finds there is no just reason for delay in entering this Permanent Injunction against Defendants, and, pursuant to Rule 54(a) of the Federal Rules of Civil Procedure, the Court directs immediate entry of this Permanent Injunction against Defendants.

4. **NO APPEALS AND CONTINUING JURISDICTION.** No appeals shall be taken from this Permanent Injunction against Defendants, and

Plaintiffs and Defendants waive all rights to appeal.  This Court expressly retains jurisdiction over this matter to enforce the settlement agreement that precipitated this Stipulation and the terms of this Permanent Injunction by Defendants.

5. **NO FEES AND COSTS.**  Each party shall bear its own attorneys' fees and costs incurred in this matter.

6. **DISMISSAL OF THE ACTION.**  The Court hereby dismisses the action in its entirety, with prejudice, upon entry of this Permanent Injunction against Defendants.  All dates and deadlines are **VACATED**.  The Clerk of the Court shall close the case.

**IT IS SO ORDERED**, **ADJUDICATED** and **DECREED** this 13th day of April 2018.

_____
THE HONORABLE OTIS D. WRIGHT, II
United States District Judge
Central District of California